**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAVID BANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2196-KHV** |
| **PAPER, ALLIED-INDUSTRIAL, CHEMICAL** ) | |
| **& ENERGY WORKERS INTERNATIONAL** ) | |
| **UNION, LOCAL 5-0765,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion For Leave To Proceed With Appeal Without Payment Of Fees (Doc. #122) filed February 1, 2007. The Court previously granted plaintiff leave to proceed *in forma pauperis* in this action. See Order Granting Leave To Proceed In Forma Pauperis (Doc. #6) filed May 18, 2005. Plaintiff argues that the affidavit in support of his prior motion for appointment of counsel demonstrates his lack of means. See Affidavit Of Financial Status In Support Of Application For Appointment Of Counsel (Doc. #4) filed May 13, 2005. That affidavit – which plaintiff filed nearly two years ago – indicates that he is unemployed. See id. at 2. After he filed that affidavit, however, plaintiff obtained employment. He apparently remains employed. See Banks Depo., attached as Exhibit 1 to defendant's Response In Opposition To Plaintiff's Motion For Leave To Proceed With Appeal Without Payment Of Fees, at 8:2-12, 9:13-16.

Under Rule 24, Fed. R. App. P., plaintiff may appeal *in forma pauperis* under certain circumstances. Rule 24(a)(3) governs appeals where the Court has previously granted plaintiff *in forma pauperis* status and provides as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing the reasons for the certification or finding; or (B) a statute provides otherwise.

Normally, plaintiff's motion of this type would be unnecessary because plaintiff's *in forma pauperis* status would continue on appeal without further order of the Court. Defendant's response to his motion, however, indicates that because plaintiff's economic circumstances have significantly changed since the Court originally granted him *in forma pauperis* status, the Court may find grounds on which plaintiff is not otherwise entitled to continue *in forma pauperis* under Rule 24(a)(3). Given plaintiff's employment status, a current affidavit which complies with Rule 24 is necessary for the Court to determine whether plaintiff should be allowed to proceed *in forma pauperis* on appeal. See Overton v. Comm'r, 23 Fed. Appx. 962, 963 (10th Cir. 2001) (affidavit must reflect financial situation when motion filed); Trapp v. U.S. Marshals Serv., No. 03-3335-JAR, 2005 WL 627970, at *1-2 (D. Kan. Mar. 4, 2005) (failure to attach current affidavit constitutes ground on which court may find plaintiff not entitled to proceed *in forma pauperis* under Rule 24(a)(3)). Because plaintiff has failed to provide current financial information, the Court overrules without prejudice his motion for leave to proceed on appeal without prepayment of fees.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
